# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ROBERT ALLEN AUTRY, an Incapacitated Person individually, and (2) SANDRA VALENTINE, Individually and as Guardian of Robert Allen Autry, <br><br> Plaintiffs, <br><br> vs. <br><br> (3) CLEVELAND COUNTY SHERIFF'S DEPARTMENT, and (4) OKLAHOMA INDIGENT DEFENSE SYSTEM (OIDS), an Agency of the State of Oklahoma, and (5) EMSA, a Public Trust, and (6) COUNTY OF CLEVELAND OKLAHOMA, and (7) UNKNOWN JOHN/JANE DOE JAIL PERSONNEL and (8) JOHN DOE OIDS ATTORNEY, <br> Defendants. | CIV-15-1167-D |

## COMPLAINT

The Plaintiffs Robert Allen Autry and Sandra Valentine both individually and Sandra Valentine as Guardian for Ward Robert Allen Autry for their causes of action against the following Defendants Cleveland County Sheriff's Department and Oklahoma Indigent Defense System and EMSA and County of Cleveland Oklahoma and unknown John and Jane Does, state as follows:

1

# INTRODUCTION

1. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence against Plaintiffs and violations of Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution for damages exclusive of costs, expenses and interest of at least ten million dollars ($10,000,000.00).

# I.
# JURISDICTION

2. This action is brought pursuant to 42 U.S.C.A. §§1983 and 1988, the Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C.A. §§ 1331 and 1343.

3. This Court has pendent jurisdiction over the state law negligence claim.

4. Venue is proper in this Court because a substantial portion of the events and omissions giving rise to the claims herein occurred within this judicial district.   28 U.S.C. §1391(b).

# II.
# PARTIES

5. Plaintiff Robert Allen Autry is an individual who was at all times material to this complaint a resident of the State of Oklahoma who may be served with process via his attorney of record John S. Stratton of the Law Office of John S. Stratton, P.C. at 4528 Classen Boulevard, Oklahoma City, OK 73118.

6. Plaintiff Sandra Valentine is an individual who was at all times material to this complaint a resident of the State of Oklahoma who may be served with process via his attorney of record John S. Stratton of the Law Office of John S. Stratton, P.C. at 4528 Classen Boulevard, Oklahoma City, OK 73118.

7. Defendant Cleveland County Sheriff's Department was at all times material to this complaint a political subdivision of the State of Oklahoma. Service may be had at 128 S. Peters, Norman, Oklahoma 73069. The actions alleged in this complaint were taken under color of the laws of the State of Oklahoma.

8. Defendant OKLAHOMA INDIGENT DEFENSE SYSTEM ("OIDS") was at all times material to this complaint a political subdivision of the State of Oklahoma. Service may be had at P.O. Box 926 Norman, Oklahoma 73070.

9. Defendant John Doe OIDS attorney is an individual who may be served with process at 111 N Peters Avenue, #500 in Norman, Oklahoma.

10. Defendant EMSA was at all times material to this complaint a political subdivision (public trust) of the State of Oklahoma. Service may be had at 1111 Classen Drive in Oklahoma City, Oklahoma 73103.

11. Certain other Defendants, John/Jane Doe Jail Personnel have not been identified at this time, but all are currently or formerly employed by the Cleveland County Jail (2550 West Franklin Road, Norman, Oklahoma 73069) and/or Cleveland County Sheriff's Department 128 S. Peters Ave. Norman, Oklahoma 73069.

## III.

## FACTS

12. Robert Autry ("Autry") while a teenager suffered severe trauma to his head from a bull riding accident. The injury left him with injuries to his skull which made sinus infections especially dangerous. His injuries allowed for an untreated sinus infection to migrate into his brain.

13. On November 13, 2014 while in the care and custody of the Cleveland County Sheriff's Department ("Sheriff's Department") in the Cleveland County Jail ("Jail"), Autry told his mother Sandra Valentine ("Valentine") that he had contracted a sinus infection.

14. November 14, 2014 Valentine informed the Jail's receptionist that Autry's face was red and swollen, and that from her previous experience with Autry, it was a sinus infection and that he needed immediate medical attention due to his traumatic brain injury ("TBI"). Valentine was provided with a phone number for the Jail's medical staff. Valentine called the number provided multiple times and left multiple messages for the Jail's medical staff regarding Autry's TBI, her concerns about his untreated sinus infection and the dangers of her son's sinus infection going untreated.

15. On November 20, 2014 Autry informed his mother that the Jail's medical staff gave him ibuprofen and naproxen. The same day, Valentine requested the Jail provide her with a HIPAA release and told the medical staff that Autry would need and was going to request additional medical care and medication.

16. November 21, 2014 Mr. Autry's face was still red and swollen. Autry had spoken to Jail staff and again informed them of his condition and requested medical attention and antibiotics. None were provided. Autry's request to be taken to medical was denied.

17. November 25, 2014 Autry had final been seen by Jail's medical staff and informed them of his condition and his previous TBI. Jail staff provided no treatment and Autry was returned to his cell.

18. November 26, 2014 Valentine offered to provide Autry's medical records to Jail staff in further efforts to get her son the treatment he desperately needed.

19. On November 29, 2014 Autry was transported to Norman Regional Hospital ("Norman Regional") for evaluation. Norman Regional examined and released Autry without providing any antibiotics.

20. Two days later, on December 1, 2014, Jail staff called Valentine and informed her that she needed to come sign a medical release for emergency surgery, because Autry had been found unconscious in his cell and again transported to Norman Regional. Upon arrival at the hospital, Valentine's repeated requests to be with her son were denied and Jail staff forced her to leave the hospital.

21. On December 3, 2014, Valentine's attorney, Brian Buswell, obtained a court Order that forced Jail Staff to allow her to visit with her son in the hospital. However, by the time she obtained the Order, Autry had been released from the care and custody of Cleveland County and the Jail.

22. On December 1, 2014, in efforts to save his life, doctors and staff at Norman Regional had to perform an emergency brain surgery on Autry. The surgery included craniectomy, shunt, and incision to allow drainage to reduce swelling from a bacterial infection.

23. On December 5, 2014, in further efforts to save Autry's life, doctors and staff at Norman Regional had to perform a second surgery on Autry. The second surgery included drainage and enlargement of skull opening and brain biopsy.

24. On December 12, 2014, Autry underwent an esophagostomy, gastroscopy, duodenoscopy, and PEG tube placement.

25. On December 13, 2014, Autry underwent a tracheotomy.

26. On December 18, 2014, Autry needed replacement of a cranial monitoring probe.

27. On discharge from NRH, Autry was a resident in Jim Thorpe Rehabilitation Center.

28. A FOIA Request letter was delivered to the Cleveland County Sheriff's Department on January 28, 2015. Denial of request was dated February 5, 2015.

### IV. CAUSES OF ACTION

**A.   42 U.S.C. § 1983 Claim- County of Cleveland Oklahoma, Cleveland County Sheriff's Department, John/Jane Doe Jail Personnel ("Cleveland County/Jail Personnel Defendants")**

29. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully stated herein.

30. Plaintiffs contend that the failures of Cleveland County/Jail Personnel Defendants to have policies, procedures, practices and customs in place to protect Plaintiff Autry from the very same professional staff who were intended to keep him safe, violated his rights pursuant to the Fourteenth Amendment of the Constitution of the United States for which he seeks recovery pursuant to 42 U.S.C. §1983.

31. The Cleveland County/Jail Personnel Defendants' conscious and deliberately indifferent actions and/or inactions to Autry's serious medical needs violated Autry's constitutional rights for which the Plaintiff now sues.

32. Despite actual knowledge of Autry's red flag symptoms, his deteriorating condition, and the likely consequences if such symptoms were not treated, none of the Cleveland County/Jail Personnel Defendants took any steps to diagnose Autry's problems, effectively treat them, or request that Autry be seen by a medical doctor. Furthermore, the Cleveland County/Jail Personnel Defendants kept inaccurate and incomplete medical records, wholly failed to monitor Autry's medical condition, and failed to act on multiple requests from Autry and Valentine to provide him with antibiotics.

33. Accordingly, Plaintiff asserts that the Cleveland County/Jail Personnel Defendants are not entitled to qualified immunity as their conduct was not objectively reasonable in light of the law clearly established at the time of Autry's injuries. Cleveland County/Jail Personnel Defendants were well aware that Autry was entitled to adequate medical care. They were also actually aware of his medical history, his red flag symptoms and his deteriorating condition. Despite this and despite knowing the consequences to Autry if he failed to receive adequate medical care, they ignored him. No competent employee would have acted as they did.

34. Autry's injuries were a foreseeable and preventable event. It was directly and proximately caused by the Cleveland County/Jail Personnel Defendants objectively unreasonable conduct and deliberate indifference to Autry's health when they knew he was in harm's way. The Cleveland County/Jail Personnel Defendants were deliberately indifferent to the substantial risk of harm to Autry. As a result, the Plaintiff is entitled to recover actual damages allowed by law. In addition, Plaintiff contends that the Cleveland County/Jail Personnel Defendants' actions and omissions constitute gross negligence. Specifically, Plaintiff contends their conduct constitutes malice. As a result, the Plaintiff is entitled to punitive damages.

## B. 42 U.S.C. § 1983 Claim- OIDS and OIDS Attorney ("OIDS Defendants")

35. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully stated herein.

36. Plaintiffs contend that the failures of OIDS Defendants to have policies, procedures, practices and customs in place to protect Plaintiff Autry from the very same professional staff who were intended to keep him safe, additionally violated his rights pursuant to the Fourteenth Amendment of the Constitution of the United States for which he seeks

recovery pursuant to 42 U.S.C. §1983.

37. The OIDS Defendants conscious and deliberately indifferent actions and/or inactions to Autry's serious medical needs violated Autry's constitutional rights for which the Plaintiff now sues.

38. Despite actual knowledge of Autry's red flag symptoms, his deteriorating condition, and the likely consequences if such symptoms were not treated, none of the OIDS Defendants took any steps to protect their client and assist him in getting the medical treatment he so obviously needed. Furthermore, the OIDS Defendants failed to respond to multiple requests from Autry and Valentine to provide him with antibiotics, in fact not contacting jail employees until after Valentine had retained counsel to get her an emergency Order allowing her to see her son.

39. Accordingly, Plaintiff asserts that the OIDS Defendants are not entitled to qualified immunity as their conduct was not objectively reasonable in light of the law clearly established at the time of Autry's injuries. OIDS Defendants were well aware that Autry was entitled to adequate medical care. They had also been informed and thus were also actually aware of his medical history, his red flag symptoms and his

deteriorating condition. Despite this and despite knowing the consequences to Autry if he failed to receive adequate medical care, they ignored him. No competent employee would have acted as they did.

40. Autry's injuries were a foreseeable and preventable event. It was directly and proximately caused by the OIDS Defendants objectively unreasonable conduct and deliberate indifference to Autry's health when they knew he was in harm's way. The OIDS Defendants were deliberately indifferent to the substantial risk of harm to Autry. As a result, the Plaintiff is entitled to recover actual damages allowed by law. In addition, Plaintiff contends that the OIDS Defendants' actions and omissions constitute gross negligence. Specifically, Plaintiff contends their conduct constitutes malice. As a result, the Plaintiff is entitled to punitive damages.

## V.
## Damages

41. Plaintiff incorporates by reference paragraphs 1 through 41 as if fully stated herein.

42. As a direct and proximate result of the Defendants' conduct and/or

omissions, Plaintiff Autry has suffered injuries and damages, for which he seeks compensation thereby, in an amount in excess of ten million dollars ($10,000,000.00), including but not limited to the following:

a. Reasonable medical care and expenses in the past and future. These expenses were incurred by the subject of this lawsuit, for the necessary care and treatment of the injuries resulting from the incidents complained of herein and such charges are reasonable and were usual and customary charges for such services;

b. Mental anguish in the past and future;

c. Emotional distress (past and future);

d. Physical discomfort;

e. Inconveniences;

f. Nominal damages;

g. Reimbursement of all out-of-pocket expenses;

h. Other damages to be set forth at the conclusion of discovery; and

i. Punitive damages

43. Defendants conduct was in reckless disregard for the safety of the public and warrants a punitive damage verdict to punish and deter Defendants, and others similarly situated, from engaging in similar

dangerous behavior or making other similar reckless decisions that disregard the safety of all Oklahomans.

44. Plaintiffs sue all Defendants for the actual damages to which he is entitled.

45. Plaintiff Sandra Valentine sues for the mental anguish and suffering, loss of companionship, maintenance, support, advice, counsel, contribution of both a pecuniary and non-pecuniary nature, society affection and comfort she would have had with her son had he not been so grievously and permanently crippled both physically and mentally.

46. Sandra Valentine is also the Guardian of Robert Autry. As such, she sues for Robert Autry's current and future physical pain, mental anguish, emotional distress and medical expenses.

47. Plaintiffs also sue the Individual Defendants for exemplary damages.

## VI.

## Section 1988- Attorneys' Fees

48. Plaintiffs incorporate by reference paragraphs 1 through 48 as if fully stated herein.

49. The Plaintiffs have been forced to retain counsel to prosecute this section 1983 claim. Pursuant to 42 U.S.C. § 1988, Plaintiffs hereby

request that they be awarded reasonable attorney's fees and costs incurred in prosecuting this action.

## VII.

## Jury Demand

50. Plaintiffs hereby demand a trial by jury of all issues contained herein.

## VIII.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final trial hereof, they recover their damages against all Defendants as alleged above, for attorneys' fees, or prejudgment interest at the maximum allowable rate from the date of the incident until the time of trial and for interest from the date of judgment until it is paid, for other interests, costs of suit, and such other and further relief, at law and in equity, to which they may show themselves justly entitled..

              Respectfully submitted,

              s/Brian A. Buswell
              Brian A. Buswell
              OBA# 21124
              Attorney for Plaintiffs

              LegalOKC, LLC
              4528 N. Classen Blvd.
              Oklahoma City, Oklahoma 73118
              Telephone: (405) 367-0556
              Fax: (405) 524-1015
              Email:   Lawyer@LegalOKC.com

## **NOTICE OF ELECTRONIC FILING**

I, Brian A. Buswell, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing Complaint in accordance with the Electronic Case Files System of the Western District of Oklahoma on the 15th day of October, 2015.

s/Brian A. Buswell
Brian A. Buswell
