IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT ALLEN AUTRY, an )
Incapacitated Person individually, *et al*., )
)
Plaintiffs, )
)
vs. )        Case No. CIV-15-1167-D
)
CLEVELAND COUNTY SHERIFF'S )
DEPARTMENT, *et al.*, )
)
Defendants. )

# O R D E R

This matter comes before the Court for consideration of Plaintiffs' Response [Doc.
No. 64] to the Order to Show Cause [Doc. No. 61]. Plaintiffs were directed to show cause
why the action should not be dismissed as to all unserved defendants for failure to effect
service of process within 90 days after filing the Second Amended Complaint.

Accepting the representations of counsel in the Response, the Court finds that
Plaintiffs have shown good cause for untimely service of the defendants who were added
by the Second Amended Complaint and served outside the 90-day time limit of Fed. R.
Civ. P. 4(m). *See Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 175-76 (10th Cir.
1996) (addressing "good cause" requirement of Rule 4(m)); *see also Putnam v. Morris*,
833 F.2d 903, 905 (10th Cir. 1987). Although Plaintiffs have not filed returns of service,
they represent that all but one of the new defendants identified in the Second Amended
Complaint were properly served with process by April 12, 2017 (eight days after the 90-
day deadline). Further, although the record reflects that Plaintiffs' counsel did not have

summonses issued until the deadline, the circumstances set forth in the Response explain the delay. Therefore, the Court finds that the untimely service of all defendants who were served by April 12, 2017, should be excused.

One person who remains unserved is Defendant Marshall Rea. Plaintiffs state that diligent efforts were made to locate Defendant Rea but his whereabouts remain unknown. In light of Plaintiffs' general showing of good cause in the Response, the Court finds that Rule 4(m) mandates a reasonable period of additional time to serve Defendant Rea. Plaintiff shall complete service of process on this defendant, or show cause for a lack of service, within 30 days of this Order.

Plaintiffs' Response is silent concerning Defendants "Unknown John/Jane Doe Jail Personnel" and "John Doe, DO, Individually and in his capacity as Chief Medical Officer." *See* Second Am. Compl. [Doc. No. 49], ¶¶ 11, 18. The first John Doe defendant was named in the original Complaint filed October 15, 2015, and previously dismissed by Plaintiffs pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on April 3, 2016. *See* Stipulation of Dismissal [Doc. No. 31]. Plaintiffs state no basis for rejoining this defendant in the Second Amended Complaint filed January 4, 2017, or failing to identify and serve this defendant for more than eighteen months. This failure did not arise during the period of personal and practice problems of Plaintiffs' counsel described in the Response. Therefore, because the record reflects no basis to extend the time limit for service of this defendant, the Court finds that the action should be dismissed pursuant to Rule 4(m) as to Defendant Unknown John/Jane Doe Jail Personnel.

Plaintiffs also make no response regarding Defendant John Doe, DO.  His joinder in the case is based solely on allegations (made upon information and belief) that he was a contract medical provider while Plaintiff Robert Allen Autry was in the custody of Cleveland County and he supervised the nurses who provided Mr. Autry's medical care. *See* Second Am. Compl. [Doc. No. 64], ¶¶ 59, 61, 73.  Plaintiffs provide no basis to find that they made any effort to identify or locate the described individual.  Under the circumstances, however, the Court finds that a permissive extension of time pursuant to Rule 4(m) should be granted as to this defendant.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (even absent good cause, a district court "must still consider whether a permissive extension of time may be warranted").  Therefore, Plaintiff shall also complete service of process on Defendant John Doe, DO, or show cause for a lack of service, within 30 days of this Order.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice as to Defendants Unknown John/Jane Doe Jail Personnel.

IT IS FURTHER ORDERED that Plaintiff shall complete service of process on all other unserved defendants, Marshall Rea and John Doe, DO, within 30 days from the date of this Order.  If timely service is not made, Plaintiff shall show cause by the same date why the action should not be dismissed without prejudice as to these defendants.

IT IS SO ORDERED this 25th day of April, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE