IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT ALLEN AUTRY, an Incapacitated Person individually, and SANDRA VALENTINE, as Guardian of Robert Allen Autry, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-15-1167-D |
| CLEVELAND COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER IMPOSING DISCOVERY SANCTION

Before the Court is Defendants Cindy Bilyeu, Raven Funez, and Delores Brown's Motion for Sanctions [Doc. No. 125], filed pursuant to Fed. R. Civ. P. 37(b). The Motion seeks an order imposing an appropriate sanction against Plaintiff Sandra Valentine for willfully failing to comply with the Order of August 1, 2018, to provide full and complete answers to interrogatories and responses to requests for production of documents served in April 2018. Plaintiff has not filed a timely response to the Motion. Upon consideration, in the exercise of discretion under LCvR7.1(g), the Court finds that the Motion should be deemed confessed, and should be granted for the reasons stated in the Motion. The only question for decision by the Court is what sanction to impose.

Under the circumstances shown by the Motion and the case record, the Court finds that Plaintiff's action against Defendants Cindy Bilyeu, Raven Funez, and Delores Brown should be dismissed. Dismissal is "an extreme sanction appropriate only in cases of

willful misconduct" and requires a consideration of appropriate factors. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The *Ehrenhaus* factors "do not represent a rigid test that a district court must always apply . . . [but] are simply a non-exclusive list of sometimes-helpful criteria or guide posts the district court may wish to consider in the exercise of what must always remain a discretionary function." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (internal quotation omitted). In the Court's assessment, Plaintiff's discovery conduct toward Defendants Cindy Bilyeu, Raven Funez, and Delores Brown warrants dismissal of her claims against them.

There is no question that willful conduct has occurred. Plaintiff has failed to provide any meaningful discovery, failed to comply with the resulting discovery order, and failed to respond to this Motion and others filed by these and other defendants. The Motion expressly requests a "default judgment rendered against Plaintiff" (Motion at 1, 4), which the Court understands as a request for dismissal of Plaintiff's action, and so placed Plaintiff on notice that dismissal was possible. Other sanctions, including an order for Plaintiff to pay awards of attorney fees to these and other defendants, have been ineffective to obtain compliance. Defendants cannot be expected to defend against Plaintiff's claims without obtaining the information sought in discovery.

In view of Plaintiff's failure to participate in discovery in this case, Plaintiff has given the Court little choice but to order the dismissal of her action against Defendants Cindy Bilyeu, Raven Funez, and Delores Brown. However, similar claims remain pending against other defendants and the case is currently proceeding under the Scheduling Order entered April 5, 2018. The deadlines for Plaintiff to disclose her expert witnesses

and other anticipated evidence are months away. Thus, the Court finds that the dismissal should be without prejudice to a future motion to reinstate Plaintiff's claims against Defendants Cindy Bilyeu, Raven Funez, and Delores Brown, provided any such motion is filed in a timely manner and is supported by facts that establish a compelling reason why Plaintiff's willful misconduct should be excused, to include full satisfaction of all past-due discovery responses.

IT IS THEREFORE ORDERED that Defendants Cindy Bilyeu, Raven Funez, and Delores Brown's Motion for Sanctions [Doc. No. 125] is GRANTED, as set forth herein. Plaintiff's action against Defendants Cindy Bilyeu, Raven Funez, and Delores Brown is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 13th day of September, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE