IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT ALLEN AUTRY, an  )
Incapacitated Person individually, and  )
SANDRA VALENTINE, as Guardian of  )
Robert Allen Autry,  )
 )
    Plaintiffs,  )
 )
vs.  )    Case No. CIV-15-1167-D
 )
CLEVELAND COUNTY SHERIFF'S  )
DEPARTMENT, *et al.*,  )
 )
    Defendants.  )

## **ORDER IMPOSING DISCOVERY SANCTION**

Before the Court is Defendant Deanna Wheeler's Motion for Sanctions [Doc. No. 133], filed pursuant to Fed. R. Civ. P. 37(b). The Motion seeks an order imposing an appropriate sanction against Plaintiff Sandra Valentine for willfully failing to comply with the Order of August 17, 2018, to provide full and complete answers to interrogatories and responses to requests for production of documents served in February 2018. Plaintiff has not filed a timely response to the Motion. Upon consideration, in the exercise of discretion under LCvR7.1(g), the Court finds that the Motion should be deemed confessed, and should be granted for the reasons stated in the Motion. The question for decision by the Court is what sanction to impose.

Under the circumstances shown by the Motion and the case record, the Court finds that Plaintiff's action against Defendant Deanna Wheeler should be dismissed. Dismissal is "an extreme sanction appropriate only in cases of willful misconduct" and requires a

consideration of appropriate factors. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The *Ehrenhaus* factors "do not represent a rigid test that a district court must always apply . . . [but] are simply a non-exclusive list of sometimes-helpful criteria or guide posts the district court may wish to consider in the exercise of what must always remain a discretionary function." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (internal quotation omitted).

In the Court's assessment, Plaintiff's discovery conduct warrants dismissal of her action against Defendant Deanna Wheeler. Willful conduct has plainly occurred. Plaintiff has failed to provide any meaningful discovery, failed to comply with the resulting discovery order, and failed to respond to this Motion and other motions filed by Defendant Wheeler and others. The Motion expressly requests a "default judgment rendered against Plaintiff" (Motion at 1, 3), which the Court understands as a request for dismissal of Plaintiff's action, and so placed Plaintiff on notice that dismissal was possible. This same sanction was previously imposed on behalf of other defendants toward whom Plaintiff engaged in similar conduct. *See* Other Imposing Discovery Sanction [Doc. No. 130]. Other sanctions previously imposed, including multiple orders for Plaintiff to pay awards of attorney fees to Defendants, have been ineffective to obtain compliance.

In view of Plaintiff's failure to participate in discovery, Plaintiff has given the Court little choice but to order the dismissal of her action against Defendant Deanna Wheeler. Defendant Wheeler cannot be expected to defend against Plaintiff's claims without obtaining the information sought in discovery. However, the action remains pending against other defendants and is proceeding under the Scheduling Order entered April 5,

2018; Plaintiff's disclosures of expert witnesses and other evidence are not due until February 2019. Thus, the Court finds that the dismissal should be without prejudice to a future motion to reinstate Plaintiff's claims against Defendant Deanna Wheeler, provided any such motion is filed in a timely manner and is supported by facts that establish a compelling reason why Plaintiff's willful misconduct should be excused, to include full satisfaction of all past-due discovery responses.

IT IS THEREFORE ORDERED that Defendant Deanna Wheeler's Motion for Sanctions [Doc. No. 133] is GRANTED, as set forth herein. Plaintiffs' action against Defendant Deanna Wheeler is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 31st day of October, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE