IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT ALLEN AUTRY, an Incapacitated Person individually, and SANDRA VALENTINE, Individually and as Guardian of Robert Allen Autry, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-15-1167-D ) |
| CLEVELAND COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER IMPOSING DISCOVERY SANCTION

Before the Court is Defendant Marshall L. Rea, D.O.'s Motion for Sanctions [Doc. No. 137], filed pursuant to Fed. R. Civ. P. 37(b). The Motion seeks an order imposing an appropriate sanction against Plaintiffs for willfully failing to comply with the Order of October 1, 2018, which required them to provide answers to interrogatories and responses to requests for production of documents within 14 days. Plaintiffs have not filed a timely response to the Motion. Upon consideration, in the exercise of discretion under LCvR7.1(g), the Court finds that the Motion should be deemed confessed, and should be granted for the reasons stated in the Motion. The question for decision by the Court is what sanction to impose.

Under the circumstances shown by the Motion and the case record, the Court finds that Plaintiff's action against Defendant Marshall L. Rea, D.O. should be dismissed. Dismissal is "an extreme sanction appropriate only in cases of willful misconduct" and

requires a consideration of appropriate factors. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The *Ehrenhaus* factors "do not represent a rigid test that a district court must always apply . . . [but] are simply a non-exclusive list of sometimes-helpful criteria or guide posts the district court may wish to consider in the exercise of what must always remain a discretionary function." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (internal quotation omitted).

In the Court's assessment, Plaintiffs' discovery conduct warrants dismissal of their action against Defendant Marshall L. Rea, D.O. Willful conduct has plainly occurred. Plaintiffs have failed to provide any meaningful discovery, failed to comply with multiple discovery orders, and failed to respond to this Motion and other motions filed by Dr. Rea and other defendants. The Motion expressly requests a "default judgment rendered against Plaintiffs" (Motion at 1, 3), which the Court understands as a request for dismissal of the action, and so placed Plaintiffs on notice that dismissal was possible. This same sanction was previously imposed on behalf of other defendants toward whom Plaintiffs engaged in similar conduct. *See* Orders Imposing Discovery Sanction [Doc. Nos. 130 & 135]. Other sanctions previously imposed, including orders for Plaintiff to pay awards of attorney fees to Defendants [Doc. Nos. 128, 131 & 136], have been ineffective to obtain compliance.

In view of Plaintiffs' failure to participate in discovery, Plaintiffs have given the Court little choice but to order the dismissal of their action against Dr. Rea. Dr. Rea cannot be expected to defend against Plaintiffs' claims without obtaining the information sought in discovery. However, the action remains pending against another defendant and

2

is proceeding under the Scheduling Order entered April 5, 2018.[1] Thus, the Court finds that the dismissal should be without prejudice to a future motion to reinstate Plaintiffs' claims against Dr. Rea, provided any such motion is filed in a timely manner and is supported by facts that establish a compelling reason why Plaintiffs' willful misconduct should be excused, to include the full satisfaction of all past-due discovery responses and the order for payment of costs.

IT IS THEREFORE ORDERED that Defendant Marshall L. Rea, D.O.'s Motion for Sanctions [Doc. No. 137] is GRANTED, as set forth herein. Plaintiffs' action against Defendant Marshall L. Rea, D.O. is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 17th day of December 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes some uncertainty about the status of Plaintiffs' claim against the remaining defendant, Turn Key Health Clinics, LLC d/b/a ESW Correctional Healthcare. By separate order, Plaintiffs will be directed to show cause why this defendant should not be dismissed as well.